Kent R. Robison, Esq. (SBN 1167)
Clayton P. Brust, Esq. (SNB 5234)
Mark G. Simons, Esq. (SBN 5132)
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503
tele: (775) 329-3151
Fax: (775) 329.7941

Attorneys for Defendants
Greater Nevada Builders, and Steven F. Campoy, individually

```
___ FILED         ___ RECEIVED
___ ENTERED       ___ SERVED ON
          COUNSEL/PARTIES OF RECORD

        AUG 0 4 2011

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LARRY J. MOORE, et al.                3:09-cv-00167-BES-VPC

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

### ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION AND DISMISSAL OF CLAIMS

Based on Motion made by Greater Nevada Builders and Steven F. Campoy, individually and dba Steven F. Campoy General Contractors, (collectively "GNB"), by and through their attorneys, Robison, Belaustegui, Sharp & Low, upon the papers and pleadings on file in this matter, and the hearing held thereon, the Court now enters its findings of facts, conclusions of law and judgment as follows:

1.     This case arises from a breach of the Truckee Canal in Lyon County, Nevada on January 5, 2008.

2.     Numerous Complaints for Damages and numerous claims were filed in State and Federal Courts against various parties, including GNB in the various cases related to the Fernley flood of January 5, 2008. The parties to this action are set

...

forth in the caption and have been identified in the pleadings on file in the above-captioned matter.

3. Plaintiffs and various parties claim that they suffered damages resulting from the flood waters that came from the breach of the Truckee Canal on January 5, 2008.

4. Plaintiffs and various parties allege that the January 5, 2008 flood in Fernley was due to the inadequate maintenance and operation of the Canal, among other reasons. They further assert that the flood consequences were "exacerbated" by the City of Fernley and the County of Lyon because of "intentional indifference" to requiring the contractors and builders of the residential subdivision to construct infrastructure that would minimize the damage caused by flooding in the event the flood waters entered the subdivision where Plaintiffs' homes were located.

5. Plaintiffs also assert that the flood consequences were exacerbated by the "errors and omissions" in constructing various elements, including Rolling Meadows subdivision improvements, houses, Jenny's Lane crossing and the "Knuckle" at Wrangler Road and Wagon Wheel, committed by the Defendants, as well as allegations of misrepresentations made on the sale of Rolling Meadows properties.

6. GNB has also sued numerous parties as identified in the moving papers, pleadings and caption.

7. Various parties have sued GNB in this and/or other actions as identified in the moving papers, pleadings, and caption on the theories of negligence, contribution and indemnity.

8. It is alleged that GNB was the developer and general contractor of Rolling Meadows, involved in the Jenny's Lane crossing and the "Knuckle" at Wrangler Road and Wagon Wheel and that GNB was at least partially responsible for alleged defects in the Rolling Meadows subdivision. It is also alleged that misrepresentations were made when the Rolling Meadows properties were sold.

9. GNB claims it never had any active role as the developer or general contractor of Rolling Meadows or the other improvements and instead was simply the home builder. It is agreed that GNB built the houses in the development. However, Plaintiffs and other parties allege, despite GNB's position, that GNB did more. There is a dispute as to whether GNB has any liability for Plaintiffs' damages.

10. An amicable global settlement of this matter has been reached among the Plaintiffs and most parties to this case.

11. The Settlement Agreement essentially provides that GNB shall collectively pay the sum of $375,000.00 in exchange for a complete release from the instant action and all pending actions as listed in GNB's Motion For Good Faith Settlement Determination.

12. Neither Greater Nevada Builders nor Steven Campoy had insurance that would provide coverage for any of the pending actions.

13. GNB has significantly lessened its business activities and thus has no regular source of income from which to make any future payments. Without a source of income, GNB's defense of these pending actions dissipates the limited pool of funds available for settlement of these lawsuits.

14. The amount paid by GNB will be allocated to the Rondy class pursuant

to calculations to which GNB was not in privy, but the sum paid is in consideration for the global settlement of all claims.

15. GNB actions were those of a house builder and as such were more passive than most other Defendants, thus undermining any claims for indemnity.

16. There is no evidence or allegation that this settlement is fraudulently, collusively or tortiously aimed at injuring non-settling Defendants.

17. The Court grants approval for the Global Settlement Agreement.

18. The Court finds that the settlement agreement is made in good faith.

19. The matter is dismissed with prejudice as to all claims against Greater Nevada Builders, Inc. and Steven F. Campoy, individually and dba Steven F. Campoy General Contracting, each party to pay their own costs and fees.

IT IS SO ORDERED.

DATED: August 4, 2011.

UNITED STATES MAGISTRATE JUDGE

-4-